UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-CV-01055 |
| ) | |
| CHASE BANK USA, N.A., ) | Judge Haynes |
| ) | |
| Defendant. ) | |
| ) | |

## CHASE BANK USA, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

Comes now, Defendant, Chase Bank USA, N.A. ("Chase"), by its undersigned counsel, for its Answer to Plaintiff's Complaint for Declaratory Judgment ("Complaint") (Docket No. 1) and states as follows:

### JURISDICTION & VENUE

1. Chase admits that jurisdiction and venue are proper in this Court.

### PARTIES

2. Based upon information and belief, Chase admits the allegations contained in paragraph 2 of the Complaint.

3. Chase denies the allegations contained in paragraph 3 of the Complaint.

### STATEMENT OF FACTS

4. In response to the allegations contained in paragraph 4 of the Complaint, Chase admits that Plaintiff Daniel Smith held a credit card account with Chase ending in 6059 (the "Account"), which was opened in December 2005, and that Plaintiff used the Account. Chase denies all remaining allegations of paragraph 4.

5. In response to the allegations contained in paragraph 5 of the Complaint, Chase admits that a Cardmember Agreement is attached as Exhibit A to the Complaint. Chase denies all remaining allegations of paragraph 5. Chase avers that the Cardmember Agreement effective February 22, 2010 is the operative agreement between the parties, a copy of which is attached hereto as **Exhibit 1**.

6. In response to the allegations contained in paragraph 6 of the Complaint, Chase admits that in or about January 2007, it sent a Change-In-Terms notice to Plaintiff.

7. Chase denies the allegations contained in paragraph 7 of the Complaint.

8. In response to the allegations contained in paragraph 8 of the Complaint, Chase admits that the Account was closed to new purchases on February 27, 2007. Chase avers that the Account carried an outstanding balance and Plaintiff continued to make payments on the Account until on or about October 4, 2011. Chase denies all remaining allegations of paragraph 8.

9. Chase denies the allegations contained in paragraph 9 of the Complaint.

10. In response to the allegations contained in paragraph 10 of the Complaint, Chase admits that the Account maintained a balance until Plaintiff paid off the Account in or about October 2011.

11. In response to the allegations contained in paragraph 11 of the Complaint, Chase admits that a dispute has arisen between the parties. Chase denies all remaining allegations of paragraph 11.

12. In response to the allegations contained in paragraph 12 of the Complaint, Chase admits that Plaintiff attempted to initiate an arbitration claim against Chase with the American Arbitration Association (the "AAA"). Chase denies all remaining allegations of paragraph 12.

13. In response to the allegations contained in paragraph 13 of the Complaint, Chase admits that Plaintiff attempted to initiate an arbitration claim against Chase with the AAA and that Chase's in-house counsel notified the AAA and Plaintiff that no arbitration agreement existed between the parties. Chase denies all remaining allegations of paragraph 13.

14. Chase denies the allegations contained in paragraph 14 of the Complaint.

15. To the extent paragraph 15 purports to set forth a portion of Exhibit A to the Complaint, Chase respectfully refers the Court to the language of that document. Chase denies all remaining allegations of paragraph 15.

16. To the extent paragraph 16 purports to set forth a portion of Exhibit A to the Complaint, Chase respectfully refers the Court to the language of that document. Chase denies all remaining allegations of paragraph 16.

17. In response to the allegations contained in paragraph 17, Chase admits that an Affidavit purporting to state legal conclusions and opinions is attached to the Complaint. Chase denies all remaining allegations of paragraph 17.

## CAUSES OF ACTION

18. In response to paragraph 18 of the Complaint, Chase repeats and incorporates by reference each and every response set forth in paragraphs 1 through 17 as if fully set forth herein.

19. Chase denies the allegations contained in paragraph 19 of the Complaint.

20. In response to the allegations contained in paragraph 20 of the Complaint, Chase admits that there is a controversy between the parties. Chase denies all remaining allegations of paragraph 20.

21. In response to the allegations contained in paragraph 21, Chase admits that the Complaint purports to bring a declaratory relief action seeking to compel arbitration between the

parties. Chase denies that an arbitration agreement exists between the parties and denies all remaining allegations of paragraph 21.

## PRAYER FOR RELIEF

Chase denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## GENERAL DENIAL

Chase denies each every allegation contained in the Complaint that is not specifically admitted above.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it might not otherwise bear, Chase asserts the following additional defenses:

1. The Complaint fails to state a claim upon which relief can be granted.

2. The operative agreement between the parties is the February 22, 2010 Cardmember Agreement, which does not contain an arbitration provision.

3. Plaintiff continued to maintain a balance on the Account and continued to make payments on the Account after the effective date of the February 22, 2010 Cardmember Agreement. The dispute that Plaintiff seeks to arbitrate arose after the effective date of the February 22, 2010 Cardmember Agreement. Therefore, the February 22, 2010 Cardmember Agreement governs the parties' relationship.

4. Chase hereby gives notice that it intends to rely upon such other affirmative defenses that may become available during the course of discovery, and, thus, Chase reserves the right to amend its Answer, file further pleadings and assert additional defenses.

WHEREFORE, Chase Bank USA, N.A., prays that the Complaint be dismissed, that the Court enter declaratory judgment declaring and holding that Plaintiff is not entitled to arbitrate

any claims he may have arising out of or based upon his Cardmember Agreement with Chase, and for such other relief as justice and equity may demand.

        Respectfully submitted,

        CHASE BANK USA, N.A.

        By:    s/ Kinika L. Young
                Wallace W. Dietz (BPR #9949)
                Kinika L. Young (BPR#25777)
                Bass, Berry & Sims PLC
                150 Third Avenue South, Suite 2800
                Nashville, TN 37201
                Telephone: (615) 742-6200
                Facsimile: (615) 742-6293 fax
                wdietz@bassberry.com
                kyoung@bassberry.com

                *Attorneys for Chase Bank USA, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November, 2011, a copy of the foregoing Answer and Affirmative Defenses to Plaintiff's Complaint for Declaratory Judgment was filed electronically, and the same was forwarded via U.S. Mail, postage prepaid, to the following:

Daniel Smith
4005 Murphy Road
Nashville, TN 37209
*Plaintiff pro se*

s/ Kinika L. Young